UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADIRONDACK INSURANCE EXCHANGE,

                      Plaintiff,

vs.

ANGELO RUSSO, LAURA RUSSO, and
INTERLAKEN OWNERS, INC.,

                      Defendants.

**COMPLAINT**

Case No. _____

---

Plaintiff, ADIRONDACK INSURANCE EXCHANGE, by and through its attorneys, HURWITZ & FINE, P.C., as and for its Complaint herein, alleges, upon information and belief, as follows:

1. This is an insurance coverage matter seeking a judicial declaration as to the rights and obligations of the parties under a certain insurance policy issued by ADIRONDACK INSURANCE EXCHANGE ("Adirondack") to ANGELO RUSSO ("Angelo"), following an alleged incident on August 4, 2020, which resulted in the death of Angelo's brother-in-law, John Brescia Goldstein ("Goldstein").

2. At all times hereinafter mentioned, Plaintiff, Adirondack, was and is a foreign insurance company domiciled in the State of North Carolina and authorized to issue insurance policies in the State of New York.

3. Upon information and belief, now and at all times hereinafter mentioned, Angelo and his wife, LAURA RUSSO ("Laura") (collectively, the "Russo Defendants") were and still are residents of the State of New York, County of Westchester.

4. Upon information and belief, now and at all times hereinafter mentioned, INTERLAKEN OWNERS, INC. ("Interlaken"), was and is a domestic corporation, organized and existing under the laws of the State of New York, and a resident of the County of Westchester.

5. Laura and Interlaken are included as defendants herein so that total and complete relief can be afforded among the parties involved.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states/countries, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

7. Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) and/or (b)(2) as multiple Defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. All defendants reside in Westchester County.

9. The incident at issue allegedly occurred at 75 and/or 87 Mill Road, Eastchester, New York, County of Westchester.

## THE UNDERLYING INCIDENT AND ACTION

10. On January 29, 2021, Laura filed a lawsuit in New York State Supreme Court, County of New York, against Interlaken, captioned *Laura Russo v. Interlaken Owners, Inc.*, and bearing Index No. 151062/2021 (the "Underlying Action"). The Complaint in the Underlying Action is incorporated herein by reference.

11. In the Underlying Action, Laura alleges that Interlaken owned, managed, maintained, supervised and controlled a premises located at 87 Mill Road, Eastchester, New York ("87 Mill Road"), and was responsible for a tree located thereon (the "Tree").

12. In the Underlying Action, Laura alleges that on August 4, 2020, while her brother, Goldstein, was at 75 Mill Road, Eastchester, New York ("75 Mill Road"), he was struck and killed by the Tree when it fell due to Interlaken's negligence (the "Underlying Incident").

13. The Underlying Action alleges that Laura was present in the zone of danger created by Interlaken's negligence and observed the severe harm suffered by her brother, Goldstein, which resulted in his death.

14. The Underlying Action alleges that Laura suffered severe mental and emotional trauma, distress, disturbance, depression, and anguish as a result of witnessing the Underlying Incident.

15. On May 7, 2021, Interlaken filed a third-party complaint in the Underlying Action against Angelo (the "Third-Party Action"). The Third-Party Complaint that commenced the Third-Party Action is incorporated herein by reference.

16. The Third-Party Action alleges that on or about August 4, 2020, and for some time prior thereto, Angelo was under a legal duty to and did, in fact, supervise, control, manage, inspect and maintain 75 Mill Road, which included the Tree located thereon.

17. The Third-Party Action alleges that if Laura sustained the injuries alleged, such injuries were sustained by reason of the carelessness, recklessness, negligence, culpability and/or acts or omissions and/or commissions by Angelo, and that Angelo's conduct entitles Interlaken to common law indemnification, contribution, and attorney's fees.

# THE ADIRONDACK POLICY

18. Adirondack issued a ONECHOICE HOMEOWNERS POLICY (Policy No. 2004060040) to its named insured, Angelo Russo, that was in effect from August 13, 2018 to August 13, 2019 (the "Adirondack Policy"). The Adirondack Policy is incorporated in its entirety herein by reference.

19. The Adirondack Policy contains form HO 3000 01 06, Homeowners – Special Form, Section II - Liability Coverages, which states in relevant part:

> **SECTION II – LIABILITY COVERAGES[1]**
> **A. Coverage E – Personal Liability**
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> Paragraph 2. is deleted and replaced by the following:
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.
>
> **B. Coverage F – Medical Payments To Others**
> We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except "residence employees". As to others, this coverage applies only:

20. The Adirondack Policy's HO 3000 01 06, Homeowners – Special Form, Section II - Definitions, provides the following definitions:

---

[1] As amended by policy form SH 01 31 08 12, Special Provisions – New York.

**DEFINITIONS**

A. In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

B. In addition, certain words and phrases are defined as follows:

***

2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

***

5. "Insured" means:
   a. You and residents of your household who are:
      (1) Your relatives; or

***

6. "Insured location" means:
   a. The "residence premises";

***

8. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
   a. "Bodily injury"; or
   b. "Property damage".

***

11. "Residence premises" means:

    a. The one family dwelling where you reside;
    b. The two family dwelling where you reside in at least one of the family units; or
    c. That part of any other building where you reside;

    and which is shown as the "residence premises" in the Declarations.

    "Residence premises" also includes other structures and grounds at that location.

21. As the resident spouse of Adirondack's named insured, Angelo, Laura qualifies as "you," "your," and an "insured" under the Adirondack Policy.

22. The Adirondack Policy's HO 3000 01 06, Homeowners – Special Form, Section II – Exclusions precludes coverage for the following:

**SECTION II – EXCLUSIONS**

\*\*\*

F. **Coverage E – Personal Liability And Coverage F– Medical Payments To Others**

\*\*\*

6. "Bodily injury" to you or an "insured" as defined under Definition 5.a.

    This exclusion also applies to any claim made or suit brought against you or an "insured":

    a. To repay; or
    b. Share damages with;

    another person who may be obligated to pay damages because of "bodily injury" to an "insured".

\*\*\*

G. **Coverage F – Medical Payments To Others Coverage F does not apply to "bodily injury":**

4. To any person, other than a "residence employee" of an "insured," regularly residing on any part of the "insured location."

**TENDER AND DISCLAIMER**

23. The Third-Party Action was tendered to Adirondack on behalf of Angelo.

24. By letter, dated July 7, 2021, Adirondack timely disclaimed coverage under the Adirondack Policy for the Underlying Incident, including claims arising therefrom, the Underlying Action, and/or Third-Party Action (the "Adirondack Disclaimer"). The Adirondack Disclaimer is incorporated herein by reference as if fully set forth below.

25. Specifically, Laura's claims for "bodily injury" as a result of the Underlying Incident are excluded from coverage under Coverage E because the Adirondack Policy expressly excludes coverage for "'bodily injury' to you or an 'insured,'" including "any claim made or suit brought against you or an 'insured' [t]o repay or [s]hare damages with another person who may be obligated to pay damages because of 'bodily injury' to an 'insured.'"

26. Further, no coverage is available under Coverage F since the Adirondack Policy expressly excludes coverage for "'bodily injury . . . [t]o any person . . . regularly residing on any part of the 'insured location.'"

27. Adirondack agreed in the Adirondack Disclaimer to provide a defense in the Third-Party Action to Angelo until such time as a judicial declaration is made verifying its coverage disclaimer was proper under the terms of the Adirondack Policy.

28. Adirondack has and continues to provide(d) a defense in the Underlying Action as agreed in the Adirondack Disclaimer at this time.

## AS AND FOR ADIRONDACK'S FIRST CAUSE OF ACTION

29. Adirondack reasserts and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. The Adirondack Policy excludes coverage under Coverage E for "'bodily injury' to you or an 'insured,'" including "any claim made or suit brought against you or an 'insured' [t]o repay or [s]hare damages with another person who may be obligated to pay damages because of 'bodily injury' to an 'insured.'"

31. In the Underlying Action, Laura alleges injury as a result of the Underlying Incident.

32. All claims asserted against Angelo in the Third-Party Action are derivative of Laura's claim for injuries allegedly resulting from the Underlying Incident.

33. Accordingly, the Adirondack Policy excludes coverage for the bodily injury claims asserted in the Underlying Action and/or Third-Party Action.

34. Therefore, the Adirondack Policy does not provide coverage for the Underlying Action and/or Third-Party Action.

35. Adirondack is entitled to a declaration that it does not have a duty to defend and/or indemnify any party under the Adirondack Policy for the Underlying Action and/or Third-Party Action.

36. Additionally, Adirondack is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Angelo in the Third-Party Action.

## AS AND FOR ADIRONDACK'S SECOND CAUSE OF ACTION

37. Adirondack reasserts and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Coverage F within the Adirondack Policy expressly provides that "[t]his coverage does not apply to you or regular residents of your household."

39. Further, the Adirondack Policy excludes coverage under Coverage F for "'bodily injury . . . [t]o any person . . . regularly residing on any part of the 'insured location.'"

40. The Policy provides that "'you' and 'your' refer to the 'named insured' shown in the Declarations and the spouse if a resident of the same household."

41. The Adirondack Policy defines "insured" to mean "[y]ou."

42. As the resident spouse of Adirondack's named insured, Angelo, Laura qualifies as "you," "your," and an "insured" under the Adirondack Policy.

43. In the Underlying Action, Laura alleges injury as a result of the Underlying Incident.

44. All claims asserted against Angelo in the Third-Party Action are derivative of Laura's claim for injuries allegedly resulting from the Underlying Incident.

45. Accordingly, the Adirondack Policy excludes coverage for the bodily injury claims asserted in the Underlying Action and/or Third-Party Action.

46. Therefore, the Adirondack Policy does not provide coverage for the Underlying Action and/or Third-Party Action.

47. Adirondack is entitled to a declaration that it does not have a duty to defend and/or indemnify any party under the Adirondack Policy for the Underlying Action and/or Third-Party Action.

48. Additionally, Adirondack is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Angelo in the Third-Party Action.

**WHEREFORE**, Plaintiff, ADIRONDACK INSURANCE EXCHANGE, prays for judgment of this Court against the Defendants, ANGELO RUSSO, LAURA RUSSO, and INTERLAKEN OWNERS, INC., by way of a declaratory judgment to determine and declare the rights of the parties hereto, finding as follows:

1. A declaration that ADIRONDACK INSURANCE EXCHANGE is not obligated to provide insurance coverage under the Adirondack Policy to any party for the claims asserted in the Underlying Action and/or Third-Party Action;

2. A declaration that ADIRONDACK INSURANCE EXCHANGE does not have a duty to defend and/or indemnify Defendant, ANGELO RUSSO, or any other party under the Adirondack Policy for the claims asserted in the Underlying Action and/or Third-Party Action;

3. A declaration that ADIRONDACK INSURANCE EXCHANGE may withdraw from the courtesy defense that it is currently providing Defendant, ANGELO RUSSO, in the Third-Party Action; and

4. Such other and further relief as to this Court may find just, proper and equitable, together with the costs and disbursements of this action.

DATED: Buffalo, New York
July 27, 2021

HURWITZ & FINE, P.C.

By: _____
Dan D. Kohane, Esq.
Ryan P. Maxwell, Esq.
*Attorneys for Plaintiff,*
*ADIRONDACK INSURANCE EXCHANGE*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
ddk@hurwitzfine.com
rpm@hurwitzfine.com